WILLIAM EDWARD STANTON, ESQ. Town Attorney, Stanford
We acknowledge receipt of your letter stating that in your town the office of town superintendent of highways is elective. You inquire whether the elective office of town superintendent of highways in your town may be changed to an appointive office.
Town Law § 10 provides that towns be either towns of the first class or towns of the second class. Town Law § 20, subdivision 1, provides in paragraphs a and b, that the town superintendent of highways, amongst other officers, is an elective officer in each class of town. The provisions of Town Law § 20, subdivision 6formerly provided in paragraph (b), that the elective office of town superintendent of highways could be changed to an appointive office by resolution subject to a permissive referendum, and paragraph (d) provided that in any town in which the appointive office of town superintendent of highways existed, the office could be changed to an elective office by the same process. Chapter 302 of the Laws of 1974 repealed Town Law § 20, subdivision 6, paragraphs a, b and e and redesignated the former paragraphs c, d and f as paragraphs a, b and c so that now Town Law § 20, subdivision 6, paragraph (b) provides that in a town in which the appointive office of town superintendent of highways exists, that office may be changed to an elective office by resolution subject to a permissive referendum and the Town Law no longer contains any provision concerning the change of that office from elective to appointive.
There are many towns in the state in which the office of town superintendent of highways was changed from elective to appointive. Hence, the provisions of Town Law § 20, subdivision 1, paragraphs a and b are not a state statute which, in terms and in effect, apply alike to all towns and those portions of the statute enjoy the character of a special law as defined in Municipal Home Rule Law § 2, subdivision 12.
Under Municipal Home Rule Law § 10, subdivision 1, paragraph (ii), subparagraph a, clause (1), a town may adopt a local law changing "The * * * mode of selection * * * of its officers * * *", except as otherwise provided by the constitution or a general law, so that the change from elective to appointive town superintendent of highways may be accomplished by a town by means of a local law. Municipal Home Rule Law § 23, provides:
 "2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it:
* * *
 "e. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office. * * *" (Emphasis supplied.)
In our opinion, a town in which the office of town superintendent of highways is elective, that office may be abolished and the appointive office of town superintendent of highways may be created by local law subject to a mandatory referendum. Further comment concerning the former and present content of Town Law §20, subdivision 6 is contained in an informal opinion of the Attorney General published in 1974 Op. Atty. Gen. 263, a copy of which is enclosed for your convenience.